UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BEVERLY MORGAN,

    Plaintiff,

v.                                                         CASE NO. 3:17-cv-235-J-34MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a period of disability and supplemental security income. Plaintiff originally alleged she became disabled on March 1, 2008, but subsequently amended her onset date to March 19, 2013. (Tr. 42-43, 167-72.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on July 13, 2013, at which Plaintiff was represented by an attorney. (Tr. 36-63.) The ALJ found that Plaintiff was not disabled from March 19, 2013, the amended onset date, through September 3, 2015, the date of the decision. (Tr.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

30.)

Plaintiff is appealing the Commissioner's decision that she was not disabled as of March 19, 2013.  Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into

account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues two general points on appeal. First, Plaintiff argues that the Appeals Council should have found Plaintiff disabled as of her fifty-fifth (55th) birthday, July 6, 2016, pursuant to Rule 202.06 of the Medical Vocational Guidelines ("GRIDS"), although the Appeals Council reviewed the decision rendered by the ALJ on September 3, 2015. Second, Plaintiff contends that the ALJ failed to properly consider her obesity in rendering the decision.

The Commissioner responds that neither the Appeals Council nor the Court has authority, much less the obligation, to consider and adjudicate disability status for a period beyond that of the ALJ's decision. Moreover, the Commissioner contends that the ALJ properly considered Plaintiff's obesity and substantial evidence supports the decision.

### A. The ALJ's Decision

The ALJ found that Plaintiff had "the following severe impairments: major depressive disorder, panic disorder without agoraphobia, history of cervical fracture and cervical degenerative disc disease ("DDD"), and lumbar DDD." (Tr. 22 (internal citation omitted).) The ALJ found Plaintiff's obesity to be a "non-

severe" impairment (*Id.*)  The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that functionally equals the severity of the listings.  (Tr. 23-24.)  Continuing on with the evaluation, the ALJ made the following residual functional capacity ("RFC") determination:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except with 30 minute sit/stand option and occasional postural activities.  The individual is limited to occasional overhead reaching and no more than frequent handling and fingering bilaterally.  The individual is limited to performing simple tasks with little variation that take a short period of time to learn (up to and including 30 days), and this person is able to deal with the changes in a routine work setting and able to deal adequately with supervisors but is limited to occasional coworker and no general public contact.

(Tr. 24.)  In making this determination, the ALJ "considered all symptoms and the extent to which the[] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."  (Tr. 25 (internal citations omitted).)  The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of the[] symptoms are not entirely credible for the reasons explained in th[e] decision."  (Tr. 25.)

The ALJ found that Plaintiff was unable to perform her past relevant work.  (Tr. 29.)  The ALJ then stated that Plaintiff's "ability to perform all or substantially all of the requirements of [light work] has been impeded by additional limitations,"

4

and obtained the testimony of a vocational expert ("VE") to opine as to what extent Plaintiff's limitations eroded the unskilled light occupational base. (Tr. 29.) Based on the VE's testimony, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform, including the jobs of marker II, egg candler, and blade balancer. (Tr. 29-30.) As such, the ALJ determined that Plaintiff was not disabled during the relevant time period. (Tr. 30.)

### B. No Error Was Committed By The Appeals Council

Plaintiff argues that the Appeals Council should have considered whether Plaintiff was disabled pursuant to Rule 202.06 of the GRIDS before denying review of the ALJ's decision on December 30, 2016. (Tr. 1-3.) Plaintiff asserts that she turned fifty-five (55) years old on July 6, 2016 and, therefore, the Appeals Council should have considered her advanced age according to the GRIDS. Plaintiff relies on Rule 202.06 of the GRIDS, which provides that an individual who retains the RFC to perform light work and who is of an advanced age (defined by the regulations as fifty-five (55) and older), who is a high school graduate or more, and who can perform skilled or semi-skilled work (skills not transferable), should be considered disabled. 20 C.F.R. § 404.1569, Appendix 2, Rule 202.06. Plaintiff argues that the Appeals Council should have applied the GRIDS and found Plaintiff disabled as soon as she turned fifty-five (55), although her birthday came after the ALJ's September 3, 2015 decision.

Plaintiff's argument lacks merit.  When the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision for purposes of judicial review.  See 20 C.F.R. §§ 416.1455, 416.1481.  "In such a case, the date of the ALJ's decision is the relevant date for purposes of identifying the claimant's age category and applicable [GRID] rule."  *Meyer v. Astrue*, No. CV 12-89-M-DLC-JCL, 2013 WL 1615893, at *8 (D. Mont. Feb. 22, 2013) (citing *Russell v. Bowen*, 856 F.2d 81, 83-84 (9th Cir. 1988)), *adopted in* 2013 WL 1615869; *see also Eljack v. Astrue*, No. 2:11-cv-1854-VEH, 2012 WL 2476405, at *3 (N.D. Ala. June 22, 2012) ("[T]he proper measuring date for determining a claimant's age for application of the [GRIDS] is the date the ALJ renders his decision.") (citations omitted).  At the time of the ALJ's decision on September 3, 2015, Plaintiff was fifty-four (54) years and one (1) month old, which placed her in the "closely approaching advanced age" category.  20 C.F.R. § 416.963(d).  The ALJ correctly categorized Plaintiff as a person closely approaching advanced age and applied the GRIDS accordingly.  (Tr. 29-30.)

To the extent Plaintiff argues her case was a "borderline" case, she is incorrect.  If the claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant] is disabled, [the Commissioner] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case."  20 C.F.R. § 416.963(b).  Because

6

Plaintiff was over ten months shy of her fifty-fifth (55th) birthday at the time of the ALJ's decision, her case is not a "borderline" case.[2]  *See, e.g., Highland v. Comm'r of Soc. Sec.*, No. 5:15-cv-430-Oc-18PRL, 2016 WL 4487911, at *5 (M.D. Fla. Aug. 4, 2016) (holding that the plaintiff's case was not "borderline" where he was five months and twenty-one days shy of turning fifty-five as of the date of the ALJ's decision), *adopted in* 2016 WL 4487866.

Plaintiff failed to cite any persuasive authority indicating that the Appeals Council was required to utilize the date of the Appeals Council's review of the ALJ's decision in determining Plaintiff's age category.  Indeed, Plaintiff recognizes that the "Commissioner does not have any regulations [that] demand[] this result." (Doc. 20 at 22.)  As stated above, the operative date for such measurement is the date of the ALJ's decision and not the Appeals Council's review of such decision.[3]

---

[2] Even if the ALJ had incorrectly stated Plaintiff's age category, which he did not, that would not end the inquiry.  Exclusive reliance on the GRIDS is inappropriate when the "claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004).  Here, the ALJ found that Plaintiff was unable to perform a full range of light work and did not apply the GRIDS to find Plaintiff "not disabled," but rather obtained the testimony of the VE to opine as to what jobs Plaintiff could perform within the given RFC determination.  (Tr. 29 (finding that Plaintiff's "ability to perform all or substantially all of the requirements of [light work] has been impeded by additional limitations," and obtaining the testimony of the VE to opine as to what extent Plaintiff's limitations erode the unskilled light occupational base).); *see also Miller v. Comm'r of Soc. Sec.*, 241 F. App'x 631, 635 (11th Cir. 2007).

[3] Plaintiff stated that "it is well within the case law governing the Social Security Administration" to require the Appeals Council to change the operative age-measuring date and cited *Sims v. Apfel*, 530 U.S. 103, 112 (2000) in support.  (Doc. 20 at 22.)
(continued...)

Likewise, Plaintiff has cited no support for the Court to broaden its limited authority in reviewing Social Security appeals. The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the Commissioner. Thus, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. *See* 42 U.S.C. 405(g) (providing the Court authority "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing *the decision of the Commissioner of Social Security*, with or without remanding the cause for a rehearing") (emphasis added); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) ("We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].") (internal quotation and citation omitted).

### C.   The ALJ Properly Considered Plaintiff's Obesity

Plaintiff argues that the ALJ committed reversible error in finding her obesity impairment to be "non-severe" and in ignoring Social Security Ruling 02-1p regarding obesity. The undersigned disagrees.

The Social Security Administration has issued special guidance for consideration of obesity. *See* SSR 02-1p, 2002 WL 3486281 (Sept. 12, 2002).

---

[3](...continued)
However, as noted by the Commissioner, *Sims* does not support her argument that the Appeals Council has the authority, much less the obligation, to consider the period after the ALJ's decision when deciding whether to grant review.

Specifically, the Social Security Administration will accept a diagnosis of obesity from a treating source or consultative examiner absent contrary evidence. *Id*. at *1. The ruling advises that the combined effects of obesity with other impairments may be greater than the effects of each impairment separately, and obesity can affect both physical and mental health. *Id*. at *1, 3. The Social Security Administration "will not make assumptions about the severity or functional effects of obesity combined with other impairments" but will "evaluate each case based on the information in the case record." *Id*. at *6.

At step two, obesity is evaluated under the same severity standard as any other medical condition. Obesity is considered severe if "it significantly limits an individual's physical or mental ability to do basic work activities." *Id*. at *4. "[A]n individualized assessment of the impact of obesity on an individual's functioning" is necessary to determine if obesity is severe. *Id*. at *4. However, an ALJ does not err in failing to find obesity severe if the claimant does not claim it is a severe impairment and his or her physician does not elaborate on the severity or nature of the obesity or conclude it is a functional impairment. *James v. Barnhart*, 177 F. App'x 875, 878 n.2 (11th Cir. 2006); *see also Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (holding that remand was not required where claimant did not claim obesity as an impairment in his disability application or at the hearing, and although references to weight in medical records were likely sufficient to alert the ALJ to the impairment, the claimant did not specify how the obesity impaired his

ability to work); *Gary v. Astrue*, No. 1:08-cv-411-CSC, 2009 WL 3063318, at *2-3 (M.D. Ala. Sept. 22, 2009) (holding that generalized statement that claimant is obese without evidence to support that obesity affects her ability to work or evidence that a physician imposed limitations based on obesity does not satisfy claimant's burden of showing substantial evidence does not support the ALJ's decision).

Here, the ALJ properly conducted an individualized assessment of the impact of obesity on Plaintiff's functioning and found it to be "non-severe." Plaintiff did not claim obesity as a severe impairment in her application or at the hearing and the ALJ aptly noted that "no doctor has ever noted any limitations arising from [Plaintiff's] obesity." (Tr. 22, 43-61 (identifying impairments at the hearing, including neck and back, depression, anxiety, and fibromyalgia impairments, but not obesity), 196 (listing seven conditions affecting Plaintiff's ability to work, but not including obesity), 204-14 (failing to identify obesity as affecting Plaintiff's functioning), 220-27 (same), 268-69 (same).) Further, upon consideration of the record, the ALJ noted that Plaintiff's "history of obesity will not place any significant restrictions on [her] ability to function." (Tr. 22.) In her memorandum, Plaintiff failed to reference any record evidence supporting her generalized statement that obesity affects her ability to work. *Skarbek*, 390 F.3d at 504; *Gary*, 2009 WL 3063318, at *2-3.

Even assuming the ALJ erred in finding that Plaintiff's obesity was a "non-

severe" impairment, such error was harmless in this instance. If an ALJ errs in finding that a claimant's *additional* impairments are "non-severe," such error is harmless when the ALJ finds that a claimant has a severe impairment. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010). This is because the ALJ has determined that step two of the analysis is met and proceeds in the disability analysis. *Id*. ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment," which is all that is required at step two of the sequential analysis); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("Accordingly, even assuming that [the claimant] is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below."); *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902-03 (11th Cir. 2011) ("Even assuming the ALJ erred when he concluded [the claimant's] . . . obesity w[as] not [a] severe impairment[], that error was harmless because the ALJ considered all of his impairments in combination at later steps in the evaluation process.").

However, the ALJ is "required to consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation." *Tuggerson-Brown*, 572 F. App'x at 951. The ALJ's failure to consider the combination of a claimant's impairments requires reversal. *See*

*Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985). An ALJ's statements that he considered whether a claimant's impairment or combination of impairments met a Listing or that he considered all symptoms in determining a claimant's RFC are sufficient "to demonstrate that the ALJ considered all necessary evidence." *Tuggerson-Brown*, 572 F. App'x at 952.

In this case, the ALJ found at step two of the sequential evaluation process that Plaintiff had severe impairments, including "major depressive disorder, panic disorder without agoraphobia, history of cervical fracture and cervical [DDD] and lumbar [DDD]." (Tr. 22.) Thus, the ALJ found in Plaintiff's favor at step two and proceeded to the next steps of the sequential evaluation process to determine whether Plaintiff was disabled. Thus, any error by the ALJ in failing to find that Plaintiff suffers from an additional severe impairment was harmless.

Further, the ALJ's findings later in the sequential evaluation process demonstrate that the ALJ considered all of Plaintiff's impairments in combination. At step three of the sequential process, the ALJ properly considered all of Plaintiff's relevant impairments and found that Plaintiff did not have an "impairment or combination of impairments" that met or equaled a Listing (Tr. 23), which is sufficient to show that the ALJ considered the combined effect of Plaintiff's impairments. *Burgin*, 420 F. App'x at 902-03 (citing *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991). The ALJ also "considered all symptoms and the extent to which these symptoms can

reasonably be accepted as consistent with the objective medical evidence and other evidence," in determining Plaintiff's RFC.  (Tr. 25.)  "[T]hese statements are enough to demonstrate that the ALJ considered all necessary evidence." *Tuggerson-Brown*, 572 F. App'x at 952.

Contrary to Plaintiff's contention, the ALJ did not ignore SSR 02-1p, but specifically considered the ruling.  The ALJ specifically referenced his consideration of SSR 02-1p in the RFC discussion and specifically stated that "[t]he effect obesity has upon [Plaintiff's] ability to perform routine movement and necessary physical activity within the work environment has also been considered."  (Tr. 27.)  Despite Plaintiff's argument that the ALJ erred in finding her obesity non-severe and in failing to more clearly discuss her obesity in his RFC assessment, Plaintiff has failed to show that her obesity has in fact caused limitations to her exertional and postural functions in excess of her RFC.  20 C.F.R. § 416.912 ("In general, you have to prove to us that you are . . . disabled.")  Indeed, substantial evidence supports the contrary.  As noted by the ALJ, the medical records note cervical spine tenderness/spasm and lumbar spine decreased range of motion, but demonstrate that all other physical findings were normal.  (Tr. 26, 314, 321-22, 325, 330, 334, 338, 341, 349, 352, 355, 358, 362, 364, 418, 420-22, 430-31, 501.)  Treatment records also note tolerable pain levels with medication and improved functioning.  (Tr. 26, 275-87, 321, 330, 334, 338.)  The ALJ did not commit reversible error in evaluating Plaintiff's obesity.

### III.     Conclusion

The question presented is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  Based on this standard of review, the undersigned recommends that the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question be affirmed.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be directed to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on November 22, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record